UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JASON DAVID FREDRICKSON,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF MINNESOTA; MINNESOTA DEPARTMENT OF CORRECTIONS (MNDOC); MNDOC COMMISSIONER TOM ROY; MN CORRECTIONAL FACILITY (MCF) LINO LAKES; WARDEN VICKI JANSSEN,<br><br>Defendants. | Case No. 16-CV-2829 (PJS/TNL)<br><br>ORDER |

Jason Fredrickson, pro se.

Scott K. Springer, MOWER COUNTY ATTORNEY'S OFFICE, for defendants.

Plaintiff Jason Fredrickson was traveling in a vehicle with two of his friends when the vehicle left the road and crashed into a utility pole, killing both of Fredrickson's friends. A jury found that Fredrickson had been driving the vehicle while under the influence of alcohol and convicted him of four counts of vehicular homicide. The court then sentenced him to eight years in prison. After the Minnesota Court of Appeals rejected Fredrickson's appeal and the Minnesota Supreme Court denied review, Fredrickson brought this habeas petition pursuant to 28 U.S.C. § 2254.

This matter is before the Court on Fredrickson's objection to the December 29, 2017 Report and Recommendation ("R&R") of Magistrate Judge Tony N. Leung.  Judge Leung recommends denying Fredrickson's habeas petition.  The Court has conducted a de novo review.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Based on that review, the Court overrules Fredrickson's objection, adopts the R&R, and denies Fredrickson's § 2254 petition.

Fredrickson argues that law-enforcement officers violated his Fourth Amendment rights by drawing a sample of his blood "while he was unconscious, without [his] permission, and without a warrant."  ECF No. 9-3 at 6.  As Judge Leung explains, however, Fredrickson "had a full and fair opportunity to litigate his [Fourth Amendment] claim in the Minnesota state courts."  ECF No. 21 at 10.  Fredrickson's Fourth Amendment claim is therefore barred by the Supreme Court's decision in *Stone v. Powell*, 428 U.S. 465, 494 (1976) ("In sum, we conclude that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." (footnotes omitted)).  Nowhere in his objection to the R&R does Fredrickson argue to the contrary; instead, he simply addresses the merits of his Fourth Amendment claim.

Fredrickson also argues that the evidence was insufficient to prove that he was driving the vehicle when it crashed. ECF No. 9-3 at 6-8; *see also* ECF No. 22 at 1-3 ("The circumstantial evidence presented against petitioner . . . is insufficient to support a conviction . . . ."). Fredrickson points out (among other things) that the brain matter and other DNA of one of his companions were found on the steering wheel and driver's seat. Fredrickson argues that this proves that he was not driving the vehicle when it crashed.

But the question here is not, as Fredrickson would have it, whether "[t]he circumstantial evidence presented against [Fredrickson] . . . lead[s] to a conclusion that is consistent only with guilt and inconsistent with innocence . . . ." ECF No. 22 at 2. Instead, the question is whether the evidence presented at trial was so weak that "'no rational trier of fact could have found proof of guilt beyond a reasonable doubt.'" *McDaniel v. Brown*, 558 U.S. 120, 121 (2010) (per curiam) (quoting *Jackson v. Virginia*, 443 U.S. 307, 324 (1979)). In other words, if a rational jury could have *either* convicted *or* acquitted Fredrickson, then he is not entitled to habeas relief.

The evidence against Fredrickson would have allowed a rational jury to find that he had been proven guilty beyond a reasonable doubt. As the Minnesota Court of Appeals explained:

> Viewed in the light most favorable to the verdict, the evidence shows that: (1) the vehicle was registered to

> Fredrickson's wife; (2) Fredrickson stated that he was going to drive to town; (3) Fredrickson's shoe was found by the brake pedal encapsulated by the vehicle; (4) Fredrickson's injuries, including his fractured ankle and severe left-side injuries, were consistent with him being the driver; (5) two accident reconstructionists opined that Fredrickson was the driver; and (6) the driver-side airbag may have caused the pattern on Fredrickson's shirt.

*State v. Fredrickson*, No. A14-0689, 2015 WL 1959695, at *6 (Minn. Ct. App. May 4, 2015).

In addition, when Fredrickson was served with a civil complaint, Fredrickson told the process server that he had been driving the vehicle when it crashed, "then paused and said, 'well, we really don't know who was driving.'" *Id.* at *2.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES plaintiff's objection [ECF No. 22] and ADOPTS the R&R [ECF No. 21]. IT IS HEREBY ORDERED THAT:

1. Plaintiff's habeas petition [ECF Nos. 1, 9] is DENIED.

2. No certificate of appealability will be issued.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  April 9, 2018             s/Patrick J. Schiltz
                                  Patrick J. Schiltz
                                  United States District Judge